| | | |
|---|---|---|
| Mrs. Carolyn Owens | * | IN THE UNITED STATES |
| 3909 Dofield Avenue, Apt.Ce | * | |
| Baltimore, MD 21215 | * | DISTRICT COURT |
| | * | |
| Plaintiff | * | FOR |
| | * | |
| v. | * | MARYLAND |
| | * | |
| | * | AT BALTIMORE |
| Pfizer Inc. | * | |
| 235 East 42nd Street | * | |
| New York, NY 10017 | * | |
| | * | |
| Serve: The Corporation Trust Inc. | * | |
| 300 E. Lombard St. | * | |
| Baltimore, MD 21202 | * | |
| | * | CLAIM NO.: |
| Defendant | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

COME NOW the plaintiff, Carolyn Owens, by and through counsel, Paul A. Weykamp and the law offices of Paul A. Weykamp, and brings suit against the defendant, Pfizer Inc., and for good cause states:

### PARTIES, JURISDICTION, AND VENUE

1.  The plaintiff, Carolyn Owens, at all times relevant hereto, has resided in Baltimore, MD, and took the drug CELEBREX® at points in time between 2000 and 2004. As used herein, "plaintiff" shall refer to Carolyn Owens unless specifically noted otherwise.

2.  Defendant, Pfizer, Inc., a Delaware corporation, authorized to do and doing business in the State of Maryland, with its principal place of business in New York, has committed a tort within the State of

1

Maryland and may be served with process of this Court in accordance with Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service of process.

4. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 exclusive of interest and costs and because this action is brought by an individual who is a citizen of a state other than that of the Defendant.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391. Plaintiff purchased the products that form the basis of this lawsuit in the State of Maryland. At all relevant times herein, Pfizer, Inc. was in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, CELEBREX®. Pfizer, Inc. at all times relevant hereto designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold in interstate commerce the aforementioned prescription drug.  Pfizer, Inc. does substantial business in the State of Maryland and within this Federal District, advertises in this district, received substantial compensation and profits from sales of CELEBREX® in this district, and made material omissions and misrepresentations and breaches of warranties in this district. All conditions precedent have been performed or have occurred. Fed. R. Civ. Proc. 9(c).

**FACTUAL ALLEGATIONS**

6. Pfizer, Inc. is in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, CELEBREX®. Pfizer, Inc., at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold CELEBREX® in the State of Maryland.

7. Plaintiff, ingested CELEBREX® as prescribed and as a result thereof, suffered a Stroke.

8.	At all times relevant herein, Plaintiff was unaware of the serious side effects and dangerous properties of the drug as set forth herein.

9.	The product in question was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by the Defendant as CELEBREX®.

10.	CELEBREX® is in a class of drugs called non-steroidal anti-inflammatory drugs. It was approved by the Food and Drug Administration for the treatment and management of symptoms of osteoarthritis and rheumatoid arthritis in adults.

11.	Pfizer, Inc. originally refused to withdraw CELEBREX® from the market, despite scientific studies documenting greater than triple the risk of heart attacks, strokes and death in connection with the use of CELEBREX®.

12.	Defendant materially breached its obligations to consumers, such as the Plaintiff, including but not limited to its design, testing, manufacture, design, warning, marketing, warranting and sale of CELEBREX®.

13.	Defendant expressly and/or impliedly warranted to the market, including the Plaintiff, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that CELEBREX® was safe, effective, fit and proper for its intended use.

14.	Defendant was aware of the substantial risks of taking CELEBREX® but failed to fully disclose.

15.	Defendant failed to meet the applicable standards of care, which were intended for the benefit of individual consumers such as the Plaintiff, making the Defendant liable for the Plaintiff's injuries.

## COUNT I: NEGLIGENCE

16. The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

17. Defendant Pfizer and its representatives were merchants or sellers of CELEBREX®.

18. Despite the fact that Defendant Pfizer knew, or should have known that CELEBREX® could cause unreasonable injurious results and/or death to Plaintiff, the Defendant continued to market, distribute, and sell CELEBREX® to the public.

19. Defendant Pfizer knew, or should have known that consumers, such as Plaintiff, would foreseeably suffer injuries and/or death as a result of Defendant Pfizer's failure to exercise ordinary care as described above. Moreover, after Defendant Pfizer became aware of the serious risks of ingesting CELEBREX®, it owed a legal duty to Plaintiff, and the general public, to disclose that knowledge. Defendant Pfizer's breach of its duty to disclose this information was a proximate cause of the injuries to the Plaintiff.

20. As a direct and proximate result of the negligence and breach of Defendant Pfizer, Plaintiff sustained a Stroke. Defendant Pfizer owed a duty to Plaintiff to use reasonable care in its actions. Defendant Pfizer's failure to use reasonable care proximately caused Plaintiff's injuries, including medical expenses, lost wages, physical and mental pain, suffering and anguish. The Plaintiff became aware of the dangers of CELEBREX® in 2005 after the national recall of the drug.

WHEREFORE, the Plaintiff, Carolyn Owens, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

## COUNT II: STRICT PRODUCTS LIABILITY

21.     The Plaintiff adopts and re-alleges paragraphs above as if fully set forth herein.

22.     CELEBREX®, as designed, manufactured, sold and/or supplied by Defendant Pfizer, was placed into the stream of commerce by Defendant in a defective and unreasonably dangerous condition taking into consideration the utility of the product and the risks involved with the drug's use.

23.     Further, CELEBREX®, as designed, manufactured, distributed, sold and/or supplied by Defendant, was defective in marketing due to inadequate warnings, instructions, and/or labeling.

24.     CELEBREX®, as designed, manufactured, distributed, marketed, sold and/or supplied was defective due to inadequate testing.

25.     CELEBREX® was defective in design and/or formulation in that, when it left the hands of Defendant and/or its representative, agents or assignees, the foreseeable risks of serious harm posed by this drug far exceeded its alleged benefits. The foreseeable risks of serious harm were so that Plaintiff and the general public, having known of such foreseeable risks and alleged benefits, would not have ingested CELEBREX®.

26.     CELEBREX® was also defective due to inadequate warnings and misrepresentations to healthcare professionals. Defendant knew that had healthcare professionals been adequately warned of the serious risks of injury to their patients, healthcare professionals would not have prescribed CELEBREX® to patients.

27.     CELEBREX® was defective due to inadequate testing both before and after Defendant became aware of the risks of ingesting the drug.

28.     As the producing and direct cause and legal result of the design defect and/or the marketing defect due to the Defendant's failure to warn consumers, as well as the defective condition of the drug as

manufactured and supplied by Defendant and its representatives, Plaintiff suffered injuries and damages as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Carolyn Owens, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

### COUNT III: FRAUD

29. The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

30. Defendant Pfizer fraudulently represented to the general public, as well as healthcare professionals, that CELEBREX® was a safe and effective drug. Defendant Pfizer made this representation while knowing that, if healthcare professionals and consumers knew of the serious risks associated with the ingestion of the CELEBREX® drug, they would not prescribe and/or ingest this drug. Defendant Pfizer knew its representations to be false, and Plaintiff relied on Defendant Pfizer's false representations in ingesting CELEBREX®. These fraudulent representations by Defendant Pfizer were proximate cause of Plaintiff's injuries enumerated in paragraph 20 above.

WHEREFORE, the Plaintiff, Carolyn Owens, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00 and $80,000,000.00 in punitive damages.

### COUNT IV: NEGLIGENT MISREPRESENTATIONS

31. The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

6

32.     Defendant Pfizer represented and marketed the CELEBREX® drug as being safe and effective. After Defendant Pfizer became aware of the risk of ingesting CELEBREX®, however, Defendant Pfizer failed to communicate to Plaintiff and/or the general public, that the ingestion of this drug could cause a person to suffer a Stroke, or that the CELEBREX® drug could cause a Heart Attack to the person ingesting the drug.

33.     Therefore, Plaintiff brings this cause of action against Defendant Pfizer under the theory of negligent misrepresentation for the following reasons:

a) The Plaintiff incorporates all facts and allegations previously stated in this Complaint;

b) Defendant Pfizer failed to warn Plaintiff, and other consumers, of the defective condition of the CELEBREX®, as manufactured and/or supplied by Defendant Pfizer;

c) Defendant Pfizer, individually, and through its agents, representatives, distributors and/or employees, negligently misrepresented material facts about CELEBREX® in that they made such misrepresentations when they knew or reasonably should have known of the falsity of such misrepresentations. Alternatively, Defendant Pfizer made such misrepresentations, without exercising reasonable care to ascertain the accuracy of these representations;

d) The above misrepresentations were made to Plaintiff, as well as the general public;

e) Plaintiff and his healthcare provider justifiably relied on Defendant Pfizer's misrepresentations; and

f) Consequently ingestion of CELEBREX® was to Plaintiff's detriment.

34.     As a direct and proximate result of the fraudulent acts and omissions, and misrepresentation of Defendant Pfizer, Plaintiff suffered significant and ongoing injury and damages as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Carolyn Owens, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

### COUNT V: EXPRESSED WARRANTY FOR GOODS

35.    The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

36. Defendant Pfizer breached its express warranty of goods. Defendant Pfizer was a merchant and/or seller of the CELEBREX drug. Defendant Pfizer sold this drug to consumers for the ordinary purpose for which such drugs are used by consumers. Defendant Pfizer owed a legal duty to Plaintiff and the public in general, to disclose its knowledge of the serious risks of ingesting the CELEBREX drug as marketed. As a direct and proximate result of Defendant's breach of warranties, Plaintiff was injured and suffered special, general and compensatory damages as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Carolyn Owens, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

### COUNT VI: IMPLIED WARRANTY

#### A. WARRANTY OF MERCHANTABILITY.

37.    The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

38.    Defendant Pfizer breached its implied warranty of merchantability. Defendant Pfizer was a merchant and/or seller of the Celebrex drug. Defendant Pfizer sold this drug to Plaintiff, and other

consumers, for the ordinary purpose for which such drug is used by consumers. Celebrex was defective, or unmerchantable, i.e., not fit for the ordinary purposes for which such drugs are used.

39. As a direct and proximate result of the defect or defects of the drug, Plaintiff suffered significant and ongoing injury and damages as set forth in paragraph 20 above.

### B. WARRANTY OF FITNESS.

40. The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein, and further allege:

41. Defendant Pfizer breached its implied warranty of fitness. Defendant Pfizer sold Celebrex drug, and, at the time of the sale of this drug, Defendant Pfizer knew or had reason to know of a particular purpose for which the drug was to be used. At the time of the sale of the drug to Plaintiff, Defendant Pfizer knew, or had reason to know, that Plaintiff was relying on the skill and judgment of Defendant Pfizer to select or furnish a suitable product for the intended purpose. At the time of sale of the drug to Plaintiff, Defendant Pfizer exercised its skill and judgment in the selection of this drug as safe and effective, and Plaintiff relied thereon.  Celebrex was not reasonably fit and/or suitable for the use for which it was selected.

42. Failure of Defendant Pfizer to select and sell a product which, was reasonably safe for its intended use, proximately caused Plaintiff's injuries as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Carolyn Owens, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

### COUNT VII: UNJUST ENRICHMENT

43. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

44. Defendant Pfizer accepted payment from Plaintiff for the purchase of Celebrex.

45. Plaintiff did not receive a safe and effective drug for which Plaintiff paid.

46. It would not be equitable for Defendant Pfizer to retain this money because Plaintiff did not, in fact, receive a safe and efficacious drug.

WHEREFORE, the Plaintiff, Carolyn Owens, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of Plaintiff's prescription drug.

Respectfully submitted,

THE LAW OFFICES OF PAUL A. WEYKAMP

BY_____

Paul A. Weykamp
Suite 2
16 Stenersen Lanes
Hunt Valley, MD 21030
Telephone: (410) 584-0660
Email: pweykamp@Weykamplaw.com
Attorneys for Plaintiff

**PRAYER FOR TRIAL BY JURY**

The Plaintiff prays for a trial by jury on all issues presented herein.

_____
Paul A. Weykamp

| | | |
|---|---|---|
| Carolyn Owens | * | IN THE UNITED STATES |
| 3909 Dofield Avenue, Apt.C | * | |
| Baltimore, MD 21215 | * | DISTRICT COURT |
| | * | |
| | * | FOR MARYLAND AT |
| Plaintiff | * | |
| | * | BALTIMORE |
| v. | * | |
| | * | |
| Pfizer Inc. | * | |
| 235 East 42nd Street | * | |
| New York, NY 10017 | * | |
| | * | |
| Serve: The Corporation Trust Inc. | * | |
| 300 E. Lombard St. | * | |
| Baltimore, MD 21202 | * | CIVIL ACTION NO.: |
| | * | |
| | * | |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Mr,/Madam Clerk:

Please prepare writ of summons for private process service on the following:

The Corporation Trust Inc.
300 East Lombard St.
Baltimore, Maryland 21202

                                                       Respectfully Submitted

                                                       _____

                                                       Paul A. Weykamp

Case 3:08-cv-00196-CRB     Document 1     Filed 01/11/2008     Page 12 of 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Carolyn Owens,
        Plaintiff(s)

**SUMMONS**

vs.

CIVIL ACTION NO. 1:07-cv-03141-AMD

Pfizer, Inc.
Serve: The Corporation Trust Inc.
      300 Lombard Street, Baltimore, MD 21202

      Defendant

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to serve upon Plaintiff's Attorney, whose address is:  Paul A. Weykamp, 16 Stenersen Lane, Suite 2, Hunt Valley,  MD 21030, an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

                Sincerely,

                Felicia C. Cannon, Clerk

       By: _____
                **Deputy Clerk**

DATE:  11/28/07

NOTICE - This case is subject to electronic filing. Information on electronic filing procedures and how to register to use the electronic filing system can be found at:  www.mdd.uscourts.gov

U.S. District Court (12/1999) - Summons

A CERTIFIED TRUE COPY

JAN -3 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 14 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL No. 1699

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO-91)

On September 6, 2005, the Panel transferred 30 civil actions to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See 391 F.Supp.2d 1377 (J.P.M.L. 2005). Since that time, 1,164 additional actions have been transferred to the Northern District of California. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Breyer.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of California and assigned to Judge Breyer.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of California for the reasons stated in the order of September 6, 2005, and, with the consent of that court, assigned to the Honorable Charles R. Breyer.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JAN -3 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

I hereby certify that the annexed document is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California

Date 1-7-08
Deputy Clerk

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

| | | | |
|---|---|---|---|
| **CHAIRMAN:**<br>Judge John G. Heyburn II<br>United States District Court<br>Western District of Kentucky | **MEMBERS:**<br>Judge D. Lowell Jensen<br>United States District Court<br>Northern District of California<br><br>Judge J. Frederick Motz<br>United States District Court<br>District of Maryland<br><br>Judge Robert L. Miller, Jr.<br>United States District Court<br>Northern District of Indiana | Judge Kathryn H. Vratil<br>United States District Court<br>District of Kansas<br><br>Judge David R. Hansen<br>United States Court of Appeals<br>Eighth Circuit<br><br>Judge Anthony J. Scirica<br>United States Court of Appeals<br>Third Circuit | **DIRECT REPLY TO:**<br>Jeffery N. Lüthi<br>Clerk of the Panel<br>One Columbus Circle, NE<br>Thurgood Marshall Federal<br>Judiciary Building<br>Room G-255, North Lobby<br>Washington, D.C. 20002<br><br>Telephone: [202] 502-2800<br>Fax: [202] 502-2888<br>http://www.jpml.uscourts.gov |

January 3, 2008

Richard W. Wieking, Clerk
Phillip Burton U.S. Courthouse
Box 36060
450 Golden Gate Avenue
San Francisco, CA 94102-3489

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

JAN 10 2008

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

Re: MDL No. 1699 -- IN RE: Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation

(See Attached CTO-91)

Dear Mr. Wieking:

I am enclosing a certified copy and one additional copy of a conditional transfer order filed by the Panel in the above-captioned matter on December 14, 2007. As stipulated in Rule 7.4(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), transmittal of the order has been stayed 15 days to give any party an opportunity to oppose the transfer. The 15-day period has now elapsed, no opposition was received, and the order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
Mecca S. Thompson
Docket Specialist

Attachment

cc: Transferee Judge:     Judge Charles R. Breyer
    Transferor Judges:    (See Attached List of Judges)
    Transferor Clerks:    (See Attached List of Clerks)

JPML Form 36

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Richard W. Wieking
Clerk

450 Golden Gate Avenue
San Francisco, CA 94102
415.522.2000

January 7th, 2008

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

Maryland Middle District Court
101 West Lombard Street
Baltimore, MD 21201-2605

JAN 10 2008

CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

Re: MDL 05-1699 In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation

Title of Case(s)
Carolyn Owens v. Pfizer, Inc.

Your Case Number(s)
C.A. No. 1:07-3141

Dear Clerk:

Enclosed is a certified copy of the order from the Judicial panel on Multidistrict Litigation transferring the above entitled action to the Northern District of California, San Francisco Division. The case has been assigned to the Honorable Charles R. Breyer for coordinated or consolidated pretrial processing pursuant to 28 USC §1407.

Please forward the **original record** and **a certified copy of the docket entries** in the case listed above along with the enclosed copy of this transmittal letter to:

United States District Court
Northern District of California
450 Golden Gate Avenue, P.O. Box 36060
San Francisco, CA 94102
Attn: Simone Voltz

If the case is an electronic case filing please do one of the following: 1) e-mail the PDF documents, as separate PDF files, including a PDF copy of the docket sheet to SFmdl_clerk@cand.uscourts.gov, 2) provide us with a temporary log in and a password to directly access your database and to expedite the downloading of the PDF files we need and/or require, or, 3) if you prefer, on a disc. We appreciate your prompt attention to this matter.

Sincerely yours,
Richard W. Wieking, Clerk

By: Simone Voltz
Deputy Clerk

Encl.

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION                MDL No. 1699

## SCHEDULE CTO-91 - TAG-ALONG ACTIONS

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **FLORIDA MIDDLE** | |
| FLM 8 07-2011 | Vincent Rosenquist, et al. v. Pfizer Inc. |
| **MARYLAND** | |
| MD 1 07-3130 | Alex Bondarenko v. Pfizer Inc. |
| MD 1 07-3131 | Melvin Brown v. Pfizer Inc. |
| MD 1 07-3133 | Theodore Carter v. Pfizer Inc. |
| MD 1 07-3134 | Hobert Church, Jr. v. Pfizer Inc. |
| MD 1 07-3135 | Gary Cox v. Pfizer Inc. |
| MD 1 07-3136 | Raymond Deigert v. Pfizer Inc. |
| MD 1 07-3137 | Dana Johnson v. Pfizer Inc. |
| MD 1 07-3138 | Ruth Logan v. Pfizer Inc. |
| MD 1 07-3139 | Nora Manning v. Pfizer Inc. |
| MD 1 07-3140 | Esther Nimarko v. Pfizer Inc. |
| MD 1 07-3141 | Carolyn Owens v. Pfizer Inc. |
| MD 1 07-3142 | George Sherain, II v. Pfizer Inc. |
| MD 1 07-3143 | Inetta Wood v. Pfizer Inc. |
| **MINNESOTA** | |
| MN 0 07-4634 | Vivian Cobb v. Pfizer Inc., et al. |
| MN 0 07-4661 | Gene Summers v. Pfizer Inc., et al. |
| MN 0 07-4662 | Ed Narke v. Pfizer Inc., et al. |
| MN 0 07-4670 | Charlotte Allen, et al., Pfizer Inc., et al. |
| MN 0 07-4671 | Joann Burkeen, et al. v. Pfizer Inc., et al. |
| **MISSISSIPPI NORTHERN** | |
| MSN 4 07-124 | Claiborne Leon Collier, Sr., et al. v. Pfizer Inc., et al. |

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

JAN 10 2008

CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

1699, CLOSED, XMDL

# U.S. District Court
# District of Maryland (Baltimore)
# CIVIL DOCKET FOR CASE #: 1:07-cv-03141-AMD
# Internal Use Only

Owens v. Pfizer Inc.
Assigned to: Judge Andre M Davis
Cause: 28:1332 Diversity-Product Liability

Date Filed: 11/20/2007
Date Terminated: 12/17/2007
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Mrs. Carolyn Owens**    represented by    **Paul A Weykamp**
Law Offices of Paul A Weykamp PA
16 Stenersen Ln Ste 2
Hunt Valley, MD 21030
14105840660
Fax: 14105841005
Email: pweykamp@weykamplaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pfizer Inc.**

| Date |  |  |
|------|--|--|

| Filed | # | Docket Text |
|---|---|---|
| 11/20/2007 |  | Case reassigned to Judge Andre M Davis. Judge Catherine C. Blake no longer assigned to the case. (raf, Deputy Clerk) (Entered: 11/26/2007) |
| 11/20/2007 | 1 | COMPLAINT against Pfizer Inc. (Filing fee $ 350, receipt #14637021321), filed by Carolyn Owens. (Attachments: # 1 Civil Cover Sheet)(raf, Deputy Clerk) Modified on 12/4/2007 (raf, Deputy Clerk). (Entered: 11/26/2007) |
| 11/20/2007 |  | Jury Trial Demand by Carolyn Owens. (raf, Deputy Clerk) (Entered: 11/26/2007) |
| 11/26/2007 |  | (Court only) ***Set/Clear Flags (raf, Deputy Clerk) (Entered: 11/26/2007) |
| 11/28/2007 | 2 | Summons Issued 60 days as to Pfizer Inc. (raf, Deputy Clerk) (Entered: 11/28/2007) |
| 12/17/2007 | 3 | ORDERED that this matter be ADMINISTRATIVELY CLOSED while the case is pending before the JPML and a transferee court. Signed by Judge Andre M Davis on 12/17/07. (slf, Deputy Clerk) (Entered: 12/17/2007) |
| 12/17/2007 |  | (Court only) ***Civil Case Terminated. (slf, Deputy Clerk) (Entered: 12/17/2007) |
| 01/10/2008 | 4 | CERTIFIED CONDITIONAL TRANSFER ORDER. Signed by J. Luthi, Clerk of Panel on 1/3/08. (slf, Deputy Clerk) (Entered: 01/10/2008) |
| 01/10/2008 | 5 | Correspondence from Clerk re: Transfer Letter. (slf, Deputy Clerk) (Entered: 01/10/2008) |